# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

ERIC LARSEN

                Defendants.

Case No. 3:19-cr-00044-SLG-DMS

## ORDER REGARDING RULE 29 MOTION

Before the Court are two Rule 29 motions for judgment of acquittal. After the government rested at trial, defendant Eric Larsen made a motion for a judgment of acquittal, and the Court reserved ruling pursuant to Federal Rule of Criminal Procedure 29(b).[1] At Docket 138 is Mr. Larsen's post-verdict Motion for Judgment of Acquittal. The government filed a response in opposition at Docket 141.

This case was tried to the Court, which found Mr. Larsen guilty of the single count of Attempted Exploitation of a Minor on February 24, 2021.[2] Mr. Larsen asserts that, even excluding his testimony and viewing the remaining evidence in the light most favorable to the government, "no rational trier of fact could have

---

[1] Docket 125 at 2 (amended minute entry, day one of trial); Docket 124 at 1 (minute entry, day two of trial).

[2] Docket 127 (minute entry); Docket 140 (transcript).

found . . . that Mr. Larsen believed he was communicating with a minor for the purposes of attempting to persuade, induce, entice or coerce them into sexual activity" beyond a reasonable doubt.[3]

Pursuant to Rule 29, the Court must decide the motions for judgments of acquittal "on the basis of the evidence at the time the ruling was reserved."[4] Because the defense presented evidence at trial, the Court considers only the government's case-in-chief when ruling on the mid-trial Rule 29 motion and considers the entire record when ruling on the post-verdict Rule 29 motion. For both motions, the Court assesses the evidence to determine whether it was sufficient to sustain a conviction.[5] The evidence is sufficient to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.'"[6] The "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case."[7] The same sufficiency-of-the-evidence test applies in both jury and bench trials.[8]

---

[3] Docket 138 at 1.

[4] Fed. R. Crim. P. 29(b).

[5] Fed. R. Crim. P. 29(a).

[6] *United States v. Rosales*, 516 F.3d 749, 751–52 (9th Cir. 2008) (quoting *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000)).

[7] *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (*en banc*).

[8] *United States v. Doe*, 136 F.3d 631, 636 (9th Cir. 1998) (citing *United States v. Mayberry*, 913

"In a bench trial, the judge acting as the trier of both fact and law implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty."[9]  Thus, for the reasons stated on the record during its verdict on February 24, 2021, the Court finds that there was sufficient evidence, both in the government's case-in-chief and in the record as a whole, to support the conviction.

In light of the foregoing, Mr. Larsen's mid-trial Rule 29 motion is DENIED; Mr. Larsen's post-verdict Rule 29 motion at Docket 138 is DENIED.

IT IS SO ORDERED.

DATED this 12th day of April, 2021, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

F.2d 719, 721 (9th Cir. 1990)).

[9] *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (en banc).

Case 3:19-cr-00044-SLG-DMS   Document 144   Filed 04/12/21   Page 3 of 3